## THE VINCENZ PINOTTI.[*]

*Circuit Court, E. D. Louisiana.* May, 1883.)

TOWAGE CONTRACT—MEASURE OF DAMAGES.

The rule for the measure of damages for the violation of a towage contract is the contract price, less the expense necessary to complete the contract; and where the master of the vessel to be towed refuses to state what he paid to other tow-boats for the same labor, the court will award the contract price as damages.

Admiralty Appeal.

*W. S. Benedict* and *W. C. Cage*, for libelant.

*Emmet D. Craig*, for claimants.

PARDEE, J. The case made shows a clear, unreasonable breach of a towage contract, fully entered upon, and the only question in the case that would justify an argument is the amount of damages to be awarded. The rule in such cases I understand to be the contract price, less the expense necessary to complete the contract. The contract price is admitted to have been 55 cents per ton on a tonnage of 633 tons, amounting to $348.15. There is no evidence in the record showing the expense of completing the contract after the breach on the part of the bark. The agent of the Flora, the contracting tow-

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

boat, says that the running expense of the Flora is about $30 per day and four barrels of coal per hour, but there the investigation stopped. The master of the bark, when asked what agreement he made with the tow-boats that completed the towage, refused to answer, and, in refusing, was sustained by his proctor. This question, if answered, would have shown what the actual cost of furnishing the towage was, and while it might not have been conclusive upon the libelant, would have been somewhat of a guide to the court. If the claimant desired to reduce the damages, the master should have answered the question propounded to him, and furnished other evidence to show the actual expense to the Flora in case she had completed the towage. As this evidence was not furnished, there is nothing left for the court to do but award the contract price as damages.

The judgment of the district court is affirmed, with costs.

See *The Leipsic*, 10 FED. REP. 585, and note, 591; *The Hyderabad*, 11 FED. REP. 749, and note, 758.